IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CHRISTIE ICKOM**                                                                                  **PLAINTIFF**

**v.**                                      **CIVIL ACTION NO. 3:20-cv-648-TSL-MTP**

**COMMISSIONER OF SOCIAL SECURITY**                       **DEFENDANT**

## REPORT AND RECOMMENDATION

Plaintiff Christie Ickom brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security Administration denying her claim for supplemental security income. This matter is now before the Court on Plaintiff's Motion for Summary Judgment [14]. Having reviewed the parties' submissions, the record, and the applicable law, the undersigned recommends that the Motion for Summary Judgment [14] be denied, the Commissioner's final decision be affirmed, and this action be dismissed with prejudice.

## PROCEDURAL HISTORY

On September 2, 2018, Plaintiff filed an application for supplemental security income.[1] (Administrative Record [13] at 162-65). Plaintiff alleged that she had been disabled since June 29, 2018[2] due to back pain, permanent oxygen use, and fluid around her lungs. ([13] at 72-73). After the agency denied Plaintiff's claim, an Administrative Law Judge ("ALJ") held a hearing,

---

[1] Plaintiff also initially applied for Social Security Disability Insurance benefits, but she was found to have insufficient work credits. ([15] at 2; [13] at 87).

[2] Supplemental Security Income is not payable for the period of time prior to the date a claimant files her application, therefore both Plaintiff and Defendant agree that the relevant period began on September 2, 2018. ([13] at 43; [17] at n. 2).

and on February 11, 2020, the ALJ issued a finding that Plaintiff was not disabled. ([13] at 19-26).

Plaintiff appealed the ALJ's decision to the Appeals Council. On August 11, 2020, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. ([13] at 5-7). Plaintiff now seeks judicial review in this Court under 42 U.S.C. §§ 405(g).

## ADMINISTRATIVE LAW JUDGE'S DECISION

In his February 11, 2020 decision, the ALJ applied the five- step sequential analysis set forth in 20 C.F.R. § 404.1520(b)-(f)[3] and determined that Plaintiff was not disabled. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the date the application was filed, September 2, 2018. ([13] at 21). At step two, the ALJ found that Plaintiff had the following severe impairments: pulmonary fibrosis and obesity. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or

---

[3] This analysis requires the ALJ to make the following determinations:
  (1) whether the claimant is presently engaging in substantial gainful activity (if so, a finding of "not disabled" is made);
  (2) whether the claimant has a severe impairment (if not, a finding of "not disabled" is made);
  (3) whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Part 404, Subpart P, Appendix 1 (if so, then the claimant is found to be disabled);
  (4) whether the impairment prevents the claimant from doing past relevant work (if not, a finding of "not disabled" is made);
  (5) whether the impairment prevents the claimant from performing any other substantial gainful activity (if so, the claimant is found to be disabled).

*See* 20 C.F.R. §§ 404.1520, 416.92.  The burden of proof rests upon the claimant throughout the first four steps; if the claimant is successful in sustaining his burden through step four, the burden then shifts to the Commissioner at step five. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. ([13] at 23).

The ALJ then examined the record and determined that Plaintiff had the residual functional capacity ("RFC")[4] to perform sedentary work[5] as defined in 20 C.F.R. 416.967(a) except that she must "avoid extreme heat and cold" and "have less than occasional exposure to concentrated dust, chemicals, and other pulmonary irritants." ([13] at 23). At step four, the ALJ found that Plaintiff did not have any past relevant work. ([13] at 25). At step five, however, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform. Accordingly, the ALJ found that Plaintiff was not disabled. ([13] at 25-26).

## STANDARD OF REVIEW

This Court's review of the Commissioner's decision is limited to determining whether there is substantial evidence to support the Commissioner's findings and whether the correct legal standards were applied in evaluating the evidence. *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). Substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hames v. Heckler,* 707 F.2d 162, 164 (5th Cir. 1983). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established." *Id*. (citations omitted).

---

[4] "Residual Functional Capacity" is defined as the most an individual can still do despite the physical and/or mental limitations that affect what the individual can do in a work setting. 20 C.F.R. §§ 404.1520(a)(4), 404.1545(a)(1).

[5] Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

"A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (internal citations and quotations omitted). Conflicts in the evidence are for the Commissioner, not the courts, to resolve. *Selders v. Sullivan,* 914 F.2d 614, 617 (5th Cir. 1990). A court may not re-weigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's, "even if the evidence preponderates against" the Commissioner's decision. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). If the decision is supported by substantial evidence, it is conclusive and must be affirmed. *Selders,* 914 F.2d at 617. Moreover, "'[p]rocedural perfection in administrative proceedings is not required' as long as 'the substantial rights of a party have not been affected.'" *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (quoting *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir.1988)).

**ANALYSIS**

All of Plaintiff's grounds for relief center around one issue: whether the ALJ should have allowed evidence into the record that was not submitted five-days prior to the hearing. Plaintiff appeared at the hearing with an oxygen tank. ([13] at 45). The ALJ asked Plaintiff where in her medical records she had a prescription for an oxygen tank. Neither Plaintiff nor counsel for Plaintiff were able to locate such a record at the hearing. Counsel for Plaintiff requested permission to obtain that information and submit it at a later date, but the ALJ denied this request stating "[n]o, you should have gotten it." ([13] at 50, 66).

Later that day after the hearing was complete, Plaintiff secured a document titled "Oxygen Order" from a company called Rotech, dated July 25, 2018. ([13] at 276-78). Plaintiff claims that this document indicates that a Dr. McGee prescribed her oxygen for the rest of her life.

The standard for submitting evidence is outlined in 20 § C.F.R. 416.1435(a) and was set forth by the ALJ as follows:

> If the claimant wishes that written evidence be considered at the hearing, then the claimant must submit or inform the Administrative Law Judge about the evidence no later than five business days before the date of the scheduled hearing. 20 C.F.R. §416.1435(a).

([13] at 19). The ALJ then noted the following exceptions:

> Pursuant to 20 C.F.R. § 416.1435(b), if the claimant misses this deadline but submits or informs the Administrative Law Judge about written evidence before the hearing decision is issued, the Administrative Law Judge will accept the evidence if:
>
> (1) An action of the Social Security Administration misled the claimant;
> (2) The claimant had a physical, mental, educational, or linguistic limitation(s) that prevented submitting or informing the Administrative Law Judge about the evidence earlier; or
> (3) Some other unusual, unexpected, or unavoidable circumstance beyond the claimant's control prevented the claimant from submitting or informing the Administrative Law Judge about the evidence earlier.
> …
>> (iv) You actively and diligently sought evidence from a source and the evidence was not received or was received less than 5 business days prior to the hearing

([13] at 19). The ALJ considered the Oxygen Order and found that it had been submitted less than five-days prior to the hearing. The ALJ determined that no exceptions applied to Plaintiff's delayed production of the evidence, and ultimately declined to admit it "because the requirements of 20 CFR § 416.1435 [were] not met." ([13] at 19). The Appeals Council reviewed the ALJ's decision along with the record which contained the Oxygen Order and a brief written by counsel for Plaintiff, but found that it did not show a reasonable probability that it would change the outcome of the decision. ([13] at 281-84).

*The ALJ's Review of Plaintiff's Relevant Medical History*

In making his decision, the ALJ considered the following information related to Plaintiff's medical history:

In July of 2018, Plaintiff was a 26-year-old female who was admitted to the hospital after she "had acute respiratory failure following septic shock from an infection during her pregnancy." ([13] at 22, 24, 43, 379). The ALJ acknowledged that the medical records show that Plaintiff received supplemental oxygen during her hospital stay. However, the ALJ found that the record did not support Plaintiff's claim that her breathing problem prevented her from working after she was released. ([13] at 24).

The ALJ noted that there was "no statement or prescription of a need to continue supplemental oxygen in the file from any acceptable medical source" in Plaintiff's medical records. ([13] at 22). The ALJ also reviewed a doctor's opinion that Plaintiff's pneumonia and sepsis from the initial hospitalization had resolved. ([13] at 586).

In order to determine the extent of Plaintiff's breathing impairments, the ALJ sent Plaintiff to undergo a pulmonary function study in June of 2019. ([13] at 22). The internal medicine consultative examination was performed by Joyce Wade-Hamme, M.D. who found that Plaintiff had moderate airflow restriction and small airways obstruction but did not recommend any limitations for Plaintiff. ([13] at 22; 588-595). The pulmonary function study does not mention Plaintiff's use of supplemental oxygen which the ALJ found "certainly…would have been noted." ([13] at 22).

The ALJ also pointed to other objective medical evidence showing that Plaintiff's breathing issues did not prevent her from working. Plaintiff continues to smoke. ([13] at 597). In January 2019, Plaintiff's oxygen saturation rate was 97 percent with no supplemental oxygen.

([13] at 22, 564, 574). The Nurse Practitioner who performed the exam noted that Plaintiff revealed normal effort and normal breath sounds. ([13] at 564). In October of 2019, Plaintiff was documented as having normal effort and breath sounds, no respiratory distress, no wheezes, and no rales.[6] ([13] at 22, 597-598). A chest x-ray from that day showed no acute infiltrate or consolidation, no pneumothorax, and "no acute findings in the chest." ([13] at 670). Oxygen is notably missing from the prescription summary provided following Plaintiff's relief from the hospital. ([13] at 522-24).

Plaintiff seeks relief before this Court for three reasons 1) that the Appeals Council's refusal to review and remand based upon the Oxygen Order is not supported by substantial evidence, 2) that the Appeals Council should have found an abuse of discretion by the ALJ in refusing to allow the record to remain open pursuant to HALLEX I-2-6-80,[7] and 3) that the ALJ should have found an exception to Plaintiff's late supplementation of the record under 20 C.F.R. 416.1435. However, the undersigned finds that the Commissioner applied the proper standards and the ALJ's decision was supported by substantial evidence for the reasons outlined below.

Issue 1: Appeals Council's Refusal to Remand

Plaintiff argues that the Appeals Council should have reviewed the evidence that Plaintiff was prescribed oxygen and remanded the decision. Plaintiff claims that the Council's failure to do so is not supported by substantial evidence. ([15] at 7). Plaintiff claims that this information had a reasonable probability of changing the outcome and should have been admitted pursuant to

---

[6] Rales is a respiratory sound "consisting of a series of nonmusical notes, heard primarily during inhalation[.]" *Dorland's Illustrated Medical Dictionary* 1516 (29th ed. 2000).

[7] HALLEX I-2-6-80 is the section of the Agency's manual for conducting Social Security hearings that provides the framework for when a supplemental hearing is necessary. *See Morgan v. Colvin*, 803 F.3d 773, 777 (5th Cir. 2015).

20 C.F.R. § 404.970(a)(5). The Commissioner argues that the Appeals Council considered the new evidence, but found that it did not show a reasonable probability that it would change the outcome of the decision, and that the decision should be affirmed. ([17] at 8). The undersigned agrees with the Commissioner.

When the Appeals Council receives a request for review, it "may deny or dismiss the request for review, or it may grant the request and either issue a decision or remand the case to an administrative law judge." 20 C.F.R. § 404.967. "The Appeals Council will review a case if—(1) There appears to be an abuse of discretion by the [ALJ]; (2) There is an error of law; (3) The action, findings or conclusions of the [ALJ] are not supported by substantial evidence; (4) There is a broad policy or procedural issue that may affect the general public interest; or (5) . . . the Appeals Council receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a).

If new evidence was presented to the Appeals Council, a court will review the record as a whole, including the additional evidence, to determine whether the Commissioner's findings are supported by substantial evidence. *See Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005); *see also Jones v. Astrue*, 228 Fed. App'x. 403, 406-07 (5th Cir. 2007) (cautioning against remanding cases based on new evidence presented to the Appeals Council without meaningful regard for the substantial evidence standard). A court should remand based on new evidence only if the new evidence is so inconsistent with the ALJ's findings that it undermines the ultimate disability determination. *Higginbotham v. Branhart*, 163 Fed. App'x. 279, 281-82 (5th Cir. 2006).

The Appeals Council considered the record (which included the Oxygen Order) and a brief written by counsel but ultimately found "no reason" to review the ALJ's decision. ([13] at 5). As outlined above, substantial evidence, including the pulmonary function study, release notes from the hospital, and exam notes after her release support the Commissioner's finding.

Issue 2: Whether the Appeals Council should have found the ALJ abused his discretion

Plaintiff next argues that the Appeals Council erred by not finding that the ALJ abused his discretion by not allowing the Oxygen Order into evidence. Plaintiff argues that the testimony at the hearing left "unanswered questions" pursuant to HALLEX I-2-6-80. The Defendant argues that "[t]here was no abuse of discretion because Plaintiff's new evidence was considered, and discounted every step of the way." ([17] at 11).

The relevant portion of HALLEX I-2-6-80 states: "[i]f testimony at a hearing leaves unanswered questions, the ALJ may supplement the hearing record with additional oral testimony, a deposition, or additional documentary evidence." *See* HALLEX I-2-6-80. The section states that a continuance or supplemental hearing is appropriate when: 1) "certain testimony or documents have taken the claimant by surprise"; 2) "the ALJ believes additional testimony regarding a new issue is appropriate"; 3) the ALJ discovers during the hearing that the testimony of a person, who is absent is needed; 4) the claimant or the ALJ wishes to present evidence, but cannot present it "without diminishing its probative value because of the absence of opportunity to for detailed examination or cross examination of the witness;" 5) an order or remand directs the ALJ to hold a supplemental hearing; 6) a request is made to cross-examine the author or provider of post-hearing evidence. HALLEX I-2-6-80.

"While other courts have held HALLEX not binding on the Commissioner, the Fifth Circuit utilizes the following stringent standard: 'while HALLEX does not carry the authority of

law, ... 'where the rights of individuals are affected, an agency must follow its own procedures, even where the internal procedures are more rigorous than otherwise would be required,'' and "[i]f prejudice results from a violation, the result cannot stand." *Morgan*, 803 F.3d at 777.

Plaintiff claims that questions surrounding Plaintiff's need for supplemental oxygen arose at the hearing, but none of the instances contemplated by HALLEX I-2-6-80 arose in this instance. No testimony or documents took the claimant by surprise. The ALJ did not believe additional testimony regarding a new issue would be appropriate. No testimony of an absent person was needed. No evidence needed to be presented where an opportunity to examine the witness would be required. No orders or remands directed the ALJ to hold a supplemental hearing. No request was made to cross-examine the author or provider of post-hearing evidence.

Instead, it appears that Plaintiff is relying on HALLEX I-2-6-80 in an attempt to get around the requirement that the claimant provide medical evidence five days prior to the hearing. While HALLEX I-2-6-80 states that the ALJ "may" supplement the hearing record if testimony at the hearing leaves unanswered questions, even Plaintiff admits that this standard is discretionary. ([15] at 10). Here, the ALJ found that additional testimony was not needed. ([15] at 10). The ALJ's decision is supported by substantial evidence, and the Appeals Council properly upheld the ALJ's decision.

Issue Three: Whether the ALJ erred by not finding an exception to 20 C.F.R. 416.1435

Plaintiff claims that she diligently sought evidence of her continued oxygen use from Baptist Memorial Hospital, and that it would be the source that would reasonably be expected to provide it. ([15] at 12). Plaintiff claims it was not until she took the "unusual measure" of requesting information from the medical supplier, that she was able to produce documentation to support her claim of continuous oxygen use. Plaintiff argues that an exception to 20 C.F.R.

10

416.1435 should have been found, and that the ALJ's contrary finding is unsupported by substantial evidence. The undersigned finds that the ALJ properly considered the standards set forth in 20 C.F.R. 416.1435, and Plaintiff has not shown that any of the exceptions applied to permit the late supplementation of the record.

Plaintiff specifically refers to an exception that states "[y]ou actively and diligently sought evidence from a source and the evidence was not received or was received less than 5 business days prior to the hearing" 20 C.F.R. 416.1435(b)(3)(iv). However, Plaintiff did not request evidence prior to the hearing from the company she knew or claimed provided her oxygen.

When asked who was prescribing her oxygen at the hearing, Plaintiff answered "Rotech." ([13] at 45). Plaintiff's testimony shows that she was familiar with the company and that they were the ones who provided her oxygen. ([13] at 45, 48-50). Plaintiff could have obtained this Oxygen Order form from Rotech prior to the hearing. This is further evidenced by Plaintiff's ability to obtain the document the same day. Plaintiff claims in the Motion [14] that she expected this evidence to come from Baptist Memorial Hospital, but this is not evidenced by Plaintiff's own testimony.

Instead, it appears that Plaintiff was unaware that there was no evidence from an acceptable medical source supporting her claim that she was prescribed continuous oxygen use, which is not an exception contemplated by 20 C.F.R. 416.1435. At the hearing, the attorney for Plaintiff stated "[w]e'd interviewed her, and we didn't pull this out of her, and it's my fault, but I would ask to be able to get this Rotech and see if this is the doctor that actually prescribed her -- she says she's been put on this medicine for permanent oxygen by the doctor, and it's my fault I didn't get it."  However, mistake or lack of diligence by Plaintiff or counsel for Plaintiff, is not

sufficient to qualify as an exception to the five-day rule of §§ 404.935(b) and 416.1435(b). *See Whitten v. Saul*, No. CV 20-1778, 2021 WL 3668440, at *4 (E.D. La. May 20, 2021), *report and recommendation adopted,* No. CV 20-1778, 2021 WL 2803102 (E.D. La. July 6, 2021). Obtaining and submitting medical records is considered to be within the control of the claimant, and "[e]ach party must make every effort to ensure that the administrative law judge receives all of the evidence ... no later than 5 business days before the date of the scheduled hearing." 20 C.F.R. § 416.1435(a).

The ALJ properly applied the standard set forth in 20 C.F.R. 416.1435 and excluded evidence of the Oxygen Order. The ALJ's opinion is supported by substantial evidence and comports with applicable law.

***Whether the Oxygen Order Changes the Commissioner's Decision***

Moreover, even if this evidence should have been admitted, Plaintiff has not shown that it has a reasonable probability of changing the outcome. While Plaintiff claims that the Oxygen Order from Rotech shows that she is prescribed oxygen "for the rest of her life," neither the Oxygen Order nor the medical evidence of record supports this claim.

The form is dated July 25, 2018, which was during the time that Plaintiff was in the hospital after complications from her caesarean section. On the portion of the form that identifies the "estimated length of need" neither "99 months (lifetime)" OR "__monthly" are circled or marked.[8] ([13] at 278). Dr. McGee who Plaintiff alleges "prescribed" the oxygen for the rest of her life, is not one of Plaintiff's ongoing treating physicians, and is only mentioned as someone she saw during her stay at the hospital. ([13] at 278, 479-80, 523).

---

[8] The arrow on the form was inserted by Plaintiff's counsel after the fact. ([13] at 276).

This document merely notes that Plaintiff received oxygen during her stay in the hospital, which the ALJ acknowledged in his decision. ([13] at 22). As noted above, the ALJ took the extra step of having Plaintiff undergo a pulmonary function study in June of 2019, nearly a year after Plaintiff was released from the hospital. ([13] at 588-595). The study does not mention, acknowledge, or recommend the use of supplemental oxygen.

The Commissioner's decision is supported by substantial evidence and, even considering the Oxygen Order, there is no reasonable probability of a different outcome. The Commissioner's decision should be affirmed.

## CONCLUSIONS AND RECOMMENDATIONS

Based on the foregoing, the undersigned finds that the Commissioner's decision is supported by substantial evidence and that no reversible error of law was committed by the ALJ. Accordingly, the undersigned recommends that the Plaintiff's Motion for Summary Judgment [14] be DENIED, the Commissioner's final decision be AFFIRMED, and this action be DISMISSED with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual

findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 7th day of June, 2022.

                                                      s/Michael T. Parker
                                                      UNITED STATES MAGISTRATE JUDGE